UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE ANGEL MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-3530 |
| | § | |
| MONTY HUDSPETH, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Joe Angel Martinez, a Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ-CID) inmate proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to 42 U.S.C. § 1983 alleging denial of medical care in violation of the Eighth Amendment.   (Docket No. 1.)   Before the Court are Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction (Docket No. 7) and Defendant Hudspeth's Motion to Dismiss (Docket No. 27).  For the reasons to follow, the Court will deny Plaintiff's motion for preliminary injunctive relief and grant Defendant Hudspeth's motion to dismiss.

## PRELIMINARY INJUNCTIVE RELIEF

Plaintiff states that he suffers from a protruding colostomy that causes painful muscle spasms and places him at risk of infection and other serious complications.  (Docket No. 1 at 8.) Plaintiff alleges that Defendants have shown deliberate indifference to his medical needs by denying his requests for colostomy reversal surgery.   (Id. at 1).   In conjunction with his complaint, Plaintiff filed a motion for a temporary restraining order and/or preliminary injunction (Docket No. 7) compelling TDCJ officials to provide the surgery.

Prior to service of the Complaint upon Defendants, the Texas Attorney General's Office filed an *amicus curiae* response in opposition to Plaintiff's motion for preliminary injunctive relief asserting that Plaintiff's condition was being closely monitored and that he was receiving appropriate medical care.  (Docket No. 14.)  On May 27, 2014, Defendants filed a motion for summary judgment asserting that Plaintiff continued to receive appropriate medical care and was being evaluated for colostomy reversal surgery. (Docket No. 43.)  To date, Plaintiff has not responded to Defendants' motion for summary judgment.

To obtain a preliminary injunction, a plaintiff must establish the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury absent the injunction; (3) that the threatened injury to the plaintiff outweighs any harm the injunction might cause the defendants; and (4) that the injunction does not disserve public interest.  *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000);  *Hay v. Waldron*, 834 F.2d 481 (5th Cir. 1987).  Injunctive relief in the form of "superintending federal injunctive decrees directing state officials," is an extraordinary remedy.  *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985).  A preliminary injunction should not be granted unless the movant, by a clear showing, carries the burden of persuasion on all of the prerequisites. *Cherokee Pump & Equip., Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994).

Plaintiff has not satisfied the requirements for preliminary injunctive relief here.  Thus far, Plaintiff has not presented anything to refute Defendants' showing that Plaintiff has received, and continues to receive, appropriate care for his condition.  Defendants have submitted ample evidence showing that Plaintiff's condition has been monitored continuously since his incarceration, that he has received extensive treatment, and that doctors are continuing to evaluate Plaintiff for further treatment including colostomy reversal surgery.  Plaintiff's failure

to rebut this evidence shows that he cannot demonstrate a substantial likelihood of success on the merits of his underlying claims.  Thus, Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction (Docket No. 7) must be denied.

DEFENDANT HUDSPETH'S MOTION TO DISMISS

Defendant Hudspeth, Warden of the Jester III Unit when Plaintiff's claims arose, moves for dismissal from this suit on the ground that the complaint fails to allege Hudspeth's personal involvement in any denial of medical care to Plaintiff.  Plaintiff has filed a one-page response to the motion to dismiss, asserting that Hudspeth is liable based on his supervisory position and implied knowledge through Plaintiff's grievances.  (Docket No. 36.)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), and  *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the *Iqbal-Twombly* standard, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly,* 550 U.S. 544).  "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief--including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"  *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly,* 550 U.S. at 555); *see also S. Scrap Material Co. v. ABC Ins. Co. (In re S. Scrap Material Co.),* 541 F.3d 584, 587 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 1669 (2009).  Facial plausibility requires

the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*(quoting *Twombly,* 550 U.S. at 557).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 381 (5th Cir. 1983). Supervisory officials cannot be held liable under § 1983 for the actions of their subordinates on theories of vicarious liability or *respondeat superior*. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Instead, a supervisory official may only be held liable "if there exists either (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* at 304. To state an actionable claim, a civil rights plaintiff must establish a direct causal connection between the acts or omissions of the defendant and the resultant constitutional deprivation. *Reimer v. Smith*, 663 F.2d 1316, 1323 (5th Cir. 1981).

Here, Plaintiff does not allege that Defendant Hudspeth was personally involved with Plaintiff's medical care or that he played a direct role in denying Plaintiff adequate medical care. Instead, Plaintiff merely contends that the allegedly inadequate medical care resulted from Hudspeth's failure to properly supervise others or act on Plaintiff's grievances. (Docket No. 1.) These allegations are not sufficient to establish supervisory liability. Plaintiff also fails to allege facts showing that Hudspeth instituted a policy that was "'itself a repudiation of constitutional rights' and 'the moving force of the constitutional violation.'" *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (quoting *Grandstaf v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir.1985)).

Nor has Plaintiff shown that Hudspeth condoned a policy that caused Plaintiff to be denied adequate medical treatment.  *See Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998) (failure to show personal involvement in deprivation of constitutional rights or implementation of deficient, unconstitutional policy precludes claim against supervisory official); *Stewart v. Murphy*, 174 F.3d 530, 536 (5th Cir. 1999) (holding that medical director was not deliberately indifferent to plaintiff's serious medical needs, where director was not one of plaintiff's treating physicians and had limited contact with plaintiff).

Accordingly, the Court concludes that Plaintiff's allegations against Defendant Hudspeth fail to state a claim on which relief can be granted and Defendant Hudspeth is entitled to dismissal from this case.

CONCLUSION

Based on the foregoing, the Court ORDERS that:

1.      Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction (Docket No. 7) is DENIED.

2.       Defendant Hudspeth's Motion to Dismiss (Docket No. 27) is GRANTED.

3.      Plaintiff shall file a proper response to the remaining Defendants' motion for summary judgment (Docket No. 43), as required under Rule 56 of the Federal Rules of Civil Procedure, within thirty (30) days of this order. Failure to comply will result in dismissal of this suit under Rule 41(b) for failure to prosecute.  Fed. R. Civ. P. 41(b).

4.      Defendants may file a reply within fourteen (14) days of receiving Plaintiff's response.

The Clerk will provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 3rd day of February, 2015.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE